IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVSION

| | |
|---|---|
| **PAMELA STEWART**<br><br>*Plaintiff*,<br><br>v.<br><br>**TIB, NATIONAL ASSOCIATION, a.k.a. TIB THE INDEPENDENT BANKERSBANK**<br><br>*Defendant*. | **Civil Action No. 3:23-cv-831**<br><br>**JURY TRIAL DEMAND** |

## ORIGINAL COMPLAINT

Pamela Stewart ("Plaintiff"), by and through her attorneys, brings this action for damages and other legal and equitable relief from the violation of the laws proscribing discrimination based on race and disability by her former employer, TIB, National Association, a.k.a. TIB The Independent BankersBank ("Defendant" or "TIB").

## INTRODUCTION

This is an action brought by Plaintiff seeking damages from Defendant for acts of intentional discrimination based on race, retaliation and disability. Defendant's acts of discrimination are in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.,* the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.*; (§ "1981"), § 102 of the 1991 Civil Rights Act, and the Texas Employment Discrimination Act, as amended, Tex. Lab. Code 21.001, *et seq.*

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States,

1

ORIGINAL COMPLAINT

and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) 42 U.S.C. § 1981, *et seq.*, as amended, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Venue is also proper under §706 of Title VII, 42 U.S.C. § 2000e-5(3)(f), in that the acts complained of herein, including unlawful employment practices, occurred within the federal District over which this Court has jurisdiction.

## PARTIES

3.  At all relevant times, Defendant has continuously been and is now doing business in the State of Texas and has continuously had at least fifteen employees.

4.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under § § 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h), § 1981 and the Texas Employment Discrimination Act.

5.  Defendant is the nation's largest "bankers bank," providing banking products and services to independent community banks coast-to-coast. Plaintiff worked at Defendant's location in Farmers Branch, Texas.

6.  At all relevant times, Plaintiff was an employee of Defendant as that term is defined in Title VII, § 1981 and the Texas Employment Discrimination Act.

7.  Plaintiff is African American.

**EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES**

8. Plaintiff has timely filed a charge of discrimination with the EEOC, which constitutes across-filing with the Texas Commission on Human Rights. Plaintiff received her Notice of Right to Sue from the EEOC within ninety (90) days prior to the filing of this Complaint.

**FACTS UNDERLYING CLAIMS**

9. Pamela Stewart was employed by Defendant, located at 11701 Luna Road, Farmer's Branch, TX 75234 as a Merchant Services Representative from on or about August 22, 2016 to June 2019.

10. Ms. Stewart came to TIB after having gained management experience through her prior positions at Fannie Mae and Ernst and Young.

11. When Ms. Stewart's supervisor, James LaVelle, White, was terminated in March 2018, Senior Vice President Jason Putnam confided in her that Mr. LaVelle had been given the pretextual reason "restructuring" for his termination to avoid a potential discrimination lawsuit.

12. Upon Mr. LaVelle's termination, Mr. Putnam became Ms. Stewart's supervisor. Mr. Putnam required Ms. Stewart to conduct all of the duties and responsibilities previously required of Mr. LaVelle. but not giving her the title which had been given to Mr. LaValle. In July 2018 Ms. Stewart was finally given the title of Merchant Relationship Support Supervisor. However, Mr. LaVelle had held the title of Merchant Support Manager, with a differential in annual pay.

13. The Merchant Support Manager title that had been held by Mr. LaVelle came with officer status, and also afforded better health insurance benefits and more paid vacation time. Ms. Stewart became aware of Mr. LaValle's difference in pay when cleaning out his desk, which paperwork was snatched out of her hands by Mr. Putnam.

14. Despite not being given the title of "manager," Ms. Stewart was tasked with the same responsibilities that Mr. LaVelle had held. Ms. Stewart attended and participated in weekly management meetings with the other managers Mr. Putnam oversaw. She was the only person in those weekly meetings with the title of supervisor, even though she managed a larger team than her "manager" peers.

15. Ms. Stewart was the only African American in the manager meetings.

16. Ms. Stewart's team was exclusively comprised of people of color.

17. Even when her title was changed, Ms. Stewart was not given the same title that Mr. LaVelle had held; Ms. Stewart was made Merchant Relationship Support Supervisor instead of Merchant Relationship Support Manager. In addition, there was an annual pay differential between the two job titles.

18. Ms. Stewart was successful in her position. In fact, upon information and belief, the team Ms. Stewart managed had the best call center statistics in the bank for 2018 and 2019 and they were rewarded with a lunch from Pappadeaux Restaurant.

19. Ms. Stewart continuously asked Mr. Putnam to provide her team with appropriate training. It was not until Ms. Stewart was placed under the supervision of Vice President Beverly Texada, also an African American woman, in December of 2018 that she finally obtained the training that her team needed.

20. Although Ms. Stewart was reassigned to an African-American supervisor at the end of 2018, it was Mr. Putnam who made the decision to not grant her the pay and benefits status of her predecessor in January 2019, the timeframe when annual promotion decisions were made. This decision by Mr. Putnam was despite the fact that Ms. Stewart had been recommended for a 3%

salary increase, which upon information and belief was one of the highest increases available through the review process.

21. Ms. Stewart received a favorable annual review in March 2019. She received the highest rating possible for dependability, leadership, and organization on that review. Ms. Stewart was even recommended for a slight salary increase, although she was still kept from fully accessing the manager position she sought.

22. Mr. Putnam treated Ms. Stewart differently than the rest of the managers he oversaw. For example, on one occasion, when the layout of the office space was being altered, Mr. Putnam told Ms. Stewart that he had tried to put her and her team in the closet, but TIB would not let him.

23. Ms. Stewart complained to Vice President Texada about this comment. Ms. Texada simply told her that, as a Black woman, she would have to work twice as hard and be twice as good to get promoted.

24. On another occasion, Mr. Putnam escorted a new employee through the office and introduced her to each manager he supervised, along with his or her team except for Ms. Stewart and her team, gesturing to them generally instead. Again, Ms. Stewart complained to Ms. Texada about this treatment.

25. Despite there being a culture at TIB of mutual support among the different teams, Mr. Putnam deputized another manager to report to him whenever her team assisted in matters related to Ms. Stewart's team. Ms. Stewart complained about this to Human Resources.

26. Ms. Texada conducted Ms. Stewart's annual review in March 2019, just prior to her termination in June 2019. During that meeting, Ms. Stewart relayed to Ms. Texada her frustration with her lack of promotion under Mr. Putnam, noting a pattern of his not promoting

African-American people. They discussed the recent example of a White male who Mr. Putnam had promoted all the way up to Vice President, though, upon information and belief, he had never managed anyone before.

27. Ms. Stewart was never disciplined for any reason during her employment with TIB.

28. In late May, Ms. Stewart was injured at work.

29. The process of seeking FMLA leave for her injury was dragged out by Defendant. Upon information and belief, that decision was being delayed because Defendant was planning her termination.

30. In June 2019, Ms. Rose notified Plaintiff that was being terminated. Initially, she was informed that her termination was because of being late to work. Then, when Ms. Stewart challenged that explanation, she was told that she was being laid off due to because of "restructuring issues."

31. Defendant's proffered reason for her separation from employment is "unworthy of credence. The only other individual known to have been a part of this purported restructuring was Mr. LaVelle, long before.

32. But for her engaging in protected activity, Plaintiff would not have been terminated.

## CAUSES OF ACTION

### Count I
### EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE
*42 U.S.C. § 1981, et seq.*
*(Terms and Conditions of Employment)*

33. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

34. The conduct alleged herein violates 42 U.S.C. § 1981, *et seq.*, as the Defendant has engaged in the practice of race discrimination including disparate treatment in the terms and

conditions of her employment, including but not limited to denying pay and promotions based on her race.

35. Plaintiff's requests for relief are set forth below.

## Count II
### EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE
*42 U.S.C. § 1981, et seq.*

36. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

37. The conduct alleged herein violates 42 U.S.C. § 1981, *et seq.*, as the Defendant has engaged in the practice of race discrimination by terminating her from her employment based on her race, Black.

38. Plaintiff's requests for relief are set forth below.

## Count II
### EMPLOYMENT DISCRIMINATION – RETALIATION
*42 U.S.C. § 1981, et seq.*

39. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

40. Plaintiff reported the discriminatory treatment to which she was subjected.

41. Defendants retaliated against Plaintiff by terminating her in retaliation for reporting discrimination because of race.

42. Plaintiff's requests for relief are set forth below.

### Count III
### EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE
Title VII of the Civil Rights Act of 1964, as amended
*42 U.S.C. § 2000e, et seq.*
*(Terms and Conditions of Employment)*

43. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

44. The conduct alleged herein violates Title VII as the Defendant has engaged in the practice of discrimination against the Plaintiff based on her race, Black, by subjecting her to disparate treatment in the terms and conditions of her employment, including but not limited to denying promotions based on her race, Black.

45. Plaintiff's requests for relief are set forth below.

### Count IV
### EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE
Title VII of the Civil Rights Act of 1964, as amended
*42 U.S.C. § 2000e, et seq.*
*(Termination)*

46. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

47. The conduct alleged herein violates Title VII as the Defendant has engaged in the practice of discrimination against the Plaintiff by terminating her from her employment based on her race, Black.

48. Plaintiff's requests for relief are set forth below.

### Count V
### EMPLOYMENT DISCRIMINATION - RETALIATION
Title VII of the Civil Rights Act of 1964, as amended
*42 U.S.C. § 2000e, et seq.*

49. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

**ORIGINAL COMPLAINT**

50. Plaintiff reported discriminatory treatment based on race, Black.

51. Defendants retaliated against Plaintiff by terminating her employment for engaging in protected activity.

52. Plaintiff's requests for relief are set forth below.

### Count VI
### EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE
*Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001, et seq.*

53. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

54. The conduct alleged herein violates Tex. Lab. Code § 21.051, as the Defendant has committed discrimination on the basis of race by subjecting her to disparate treatment in the terms and conditions of her employment, including but not denying promotions based on race, Black, and by terminating her from her employment based upon race, Black.

55. Plaintiff's requests for relief are set forth below.

### Count VII
### EMPLOYMENT DISCRIMINATION - RETALIATION
*Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001, et seq.*

56. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

57. Plaintiff reported the discriminatory treatment to which she was subjected.

58. Defendant retaliated against Plaintiff as to the terms and conditions of her employment through denying her promotions based upon her race, Black.

59. Defendant retaliated against Plaintiff by terminating her in retaliation for engaging in protected activity.

60. The Plaintiff's requests for relief are set forth below.

ORIGINAL COMPLAINT

**DEMAND FOR JURY TRIAL**

61.     Plaintiff demands a jury trial on all matters raised in this Complaint.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

A.      That the practices of the Defendant complained of herein be determined and adjudged to be in violation of the rights of Plaintiff under the federal and state laws identified above prohibiting discrimination and retaliation in employment;

B.      That judgment be entered in favor of Plaintiff as set forth herein, and against Defendant, for back pay (including interest or an appropriate inflation factor), front pay, benefits and all other amounts owed to Plaintiff;

C.      That Plaintiff be awarded compensatory damages for her employment discrimination claims including for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

D.      That Plaintiff be awarded punitive damages for discriminatory practices done with malice or with reckless indifference to the federally protected rights of Plaintiff;

E.      That Plaintiff be awarded pre-and post-judgment interest;

F.      That the Court award Plaintiff reasonable attorneys' fees and costs associated with this matter, including but not limited to expert fees and costs;

G.      That the Defendant be ordered to require training regarding discrimination based upon race and discrimination based on retaliation.

H.      That the Court retain jurisdiction over Defendant until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law; and

I. That the Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

        Respectfully submitted,

        */s/ Jay D. Ellwanger*
        Jay D. Ellwanger
        Texas State Bar No. 24036522
        jellwanger@equalrights.law
        David W. Henderson
        Texas State Bar No. 24032292
        dhenderson@equalrights.law
        Ellwanger Henderson LLLP
        400 S Zang Blvd, Suite 600
        Dallas, TX 75208
        Telephone: (737) 808-2260
        Facsimile: (737) 808-2262
        **ATTORNEYS FOR PLAINTIFF**